IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cr-267-ECM |
| | ) | [WO] |
| BERNARD ANTWAN DAVISON | ) | |

**O R D E R**

Now pending before the Court are the United States Probation Office's ("USPO") petition for revocation of probation (doc. 34), and the United States and the Defendant's (the "parties") joint motion to impose judgment and waiver of final revocation hearing (doc. 50).

The Defendant is charged with four violations of the terms of his supervised release. In Violation 1, he is alleged to have violated the mandatory condition that he "shall not commit another federal, state, or local crime," in that on March 28, 2024, he was arrested by the Alabama Department of Corrections ("ADOC") for the offense of Trespass About Prison, a misdemeanor, in violation of ALA. CODE § 14A-11-9. In Violation 2, he is alleged to have violated the mandatory condition that he "shall not commit another federal, state, or local crime," in that on March 28, 2024, he was arrested by ADOC for the offense of Trafficking-Methamphetamine, a felony, in violation of ALA. CODE § 13A-12-231(11). In Violation 3, he is alleged to have violated the mandatory condition that he "shall not commit another federal, state, or local crime," in that on March 28, 2024, he was arrested by ADOC for the offense of Trafficking-Synthetic Drugs, a felony, in violation of ALA. CODE § 13A-12-231(12). In Violation 4, he is alleged to have violated the mandatory

condition that he "shall not commit another federal, state, or local crime," in that on March 28, 2024, he was arrested by ADOC based on a criminal complaint issued by the Montgomery County District Court on January 2, 2024, for the offense of Domestic Violence 2nd Degree/Assault 2nd Degree, a felony, in violation of ALA. CODE § 13A-6-131.

Pursuant to the parties' agreement, the Defendant agrees to plead no contest to Violations 1, 2, 3, and 4. The parties submit that 24 months' imprisonment, with no period of supervised release to follow, is an appropriate sentence. The parties further agree that the sentence in this case should run consecutively to any sentence imposed in *United States v. Davison*, Case No. 2:24-cr-495-ECM-KFP (M.D. Ala.). The parties further represent that the Defendant "expressly waives his right to a final hearing on the Petition for Revocation of Supervised Release." (Doc. 50 at 2). Based on a separate communication, the supervising United States Probation Officer expressed no objection to the parties' agreement.

For the following reasons, the Court will accept the parties' agreement; grant the revocation petition (doc. 34); revoke the Defendant's supervised release; and sentence him to 24 months' imprisonment, with no additional term of supervised release.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under this rule, the Defendant has the right to

> (A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or

2

    to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

FED. R. CRIM. P. 32.1(b)(2). The rule also provides that a defendant can waive a revocation hearing: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." *Id.* (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 497 (11th Cir. 2020) (per curiam) ("The Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing." (citing FED. R. CRIM. P. 32.1(b)(2)). Based on a defendant's express waiver, Rule 32.1(b)(2) permits a court to enter judgment without a revocation hearing.

  The Court finds that the violation is a Grade A violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(1); the Defendant's criminal history category is I; and the advisory guideline range of imprisonment is 24 to 30 months, *see* USSG § 7B1.4(a). The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of 24 months' imprisonment, with no term of supervision to follow, is an appropriate sentence in this case.

  Accordingly, upon consideration of the entire record, and for good cause, it is

  ORDERED as follows:

  1.  The parties' joint motion to impose judgment (doc. 50) is GRANTED;

  2.  USPO's petition for revocation of probation (doc. 34) is GRANTED;

  3.  The parties' agreement and the Defendant's express waiver of his right to a

final revocation hearing are ACCEPTED;

4. Based on the Defendant's plea of no contest to Violations 1, 2, 3, and 4, the Court finds that the Defendant violated the mandatory conditions of the terms of his supervised release, specifically that he "shall not commit another federal, state, or local crime";

5. The violation is a Grade A violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(1); the Defendant's criminal history category is I; and the advisory guideline range of imprisonment is 24 to 30 months, *see* USSG § 7B1.4(a);

6. The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of 24 months' imprisonment is an appropriate sentence in this case, with no term of supervision to follow;

7. The sentence in this case shall run consecutively to any sentence imposed in *United States v. Davison*, Case No. 2:24-cr-495-ECM-KFP (M.D. Ala.);

8. Judgment will be entered separately.

Done this 13th day of February, 2025.

                                         /s/ Emily C. Marks  
                                       EMILY C. MARKS  
                                       CHIEF UNITED STATES DISTRICT JUDGE